IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              4:96-CR-00233-27-BRW

RONNIE JOE BENSON

## ORDER

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 1343), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction (Amendment 750).

A jury found Defendant guilty of conspiracy possession with intent to distribute crack cocaine and powder cocaine. According to the presentence report, Defendant was directly connected to 15,325.45 kilograms of marijuana equivalent. Under the guidelines in effect at Defendant's original sentencing, 15,325.45 kilograms of marijuana equivalent established a base offense level of 36, since it fell between 10,000 and 30,000 kilograms. With a criminal history category V and a 2-point enhancement for obstruction, Defendant's guideline range was 360 month to life. Defendant received a 360 month sentence.[1]

In 2008, based on Amendment 706, I determined that Defendant's total marijuana equivalent would have fallen below 10,000 kilograms, and that he was entitled to a 2-point reduction. Defendant's base offense level was lowered to 34, making his new guideline range 292-365 months. On July 22, 2008, Defendant's sentenced was reduced to 292 months.[2]

---

[1]Doc. Nos. 949, 953.

[2]Doc. No. 1248.

1

For Defendant's base offense level to be lowered under the current retroactive amendment, he must have been responsible for less than 3,000 kilograms of marijuana equivalent, since a base offense level of 32 requires a finding that Defendant was responsible for between 1,000 and 3,000 kilograms of marijuana equivalent. Defendant has presented no evidence to support a finding that he is responsible for less than 3,000 kilograms of marijuana equivalent. Defendant's base offense level remains 34 and is unchanged by U.S.S.G. Amendment 750.

Section 1B1.10(a)(2) of the Guidelines reads: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."[3] Since neither Defendant's base offense level nor guideline range changed as a result of Amendment 750, Defendant is not entitled to a sentence reduction under the new retroactive amendment.

Accordingly, Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 1343) is DENIED.

IT IS SO ORDERED this 16th day of November, 2011.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[3] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2011).