**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                        **4:96-CR-00233-27-BRW**

**RONNIE JOE BENSON**

<u>**ORDER**</u>

Pending is Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 1374), based on the retroactive application of the United States Sentencing Commission's crack cocaine penalty guideline reduction. Also pending are Defendant's Motion to Proceed *In Forma Pauperis* (Doc. No. 1373) and Motion for Judicial Notice (Doc. No. 1377).

**I.      BACKGROUND**

At his original sentencing, Defendant had a base offense level of 36 and a criminal history category V. With a 2-point enhancement for obstruction, Defendant's guideline range was 360 months to life. Defendant was sentenced to 360 months.[1]

A jury found Defendant guilty of conspiracy possession with intent to distribute crack cocaine and powder cocaine. According to the presentence report, Defendant was directly connected to 15,325.45 kilograms of marijuana equivalent. In 2008, based on the new crack to powder cocaine ratio, I determined that Defendant's total weight would have fallen below 10,000 kilograms of marijuana equivalent. Accordingly, he received a 2-point reduction, which made his new base offense level a 34. On July 22, 2008, Defendant's sentence was reduced to 292 months.[2]

---

[1]Doc. Nos. 949, 953.

[2]Doc. No. 1248.

On November 11, 2011, Defendant filed another Motion to Modify Sentence Under 18 U.S.C. § 3582.[3]  For Defendant's base offense level to go from 34 to 32, he could be responsible for no more than 3,000 kilograms of marijuana equivalent.  Since Defendant presented no evidence to support such a finding, his motion was denied.[4]  Defendant filed a motion for reconsideration,[5] which also was denied.[6]  The rulings were affirmed by the Court of Appeals for the Eighth Circuit.[7]

## II.     ANALYSIS

In his current motion for a reduction, Defendant contends that "[t]he testimony presented at the trial established that [he] was accountable for no more than 782 grams of cocaine base."  According to Defendant, this would make his base offense level 32.

Even assuming that Defendant's argument is true -- that he was responsible for only 782 grams of cocaine base -- he has overlooked the fact that he also was found guilty of distributing cocaine powder.  The first witness at trial testified that he bought 3 kilograms the first time he bought powder from Defendant.  He also testified that he bought from Defendant four or five times and the smallest amount he ever purchased was 1 kilogram and the largest amount was 4 kilograms.  So, this witness alone testified to buying at least 9 kilograms of cocaine powder from Defendant.

---

[3]Doc. No. 1343.

[4]Doc. No. 1344

[5]Doc. No. 1346.

[6]Doc. No. 1353.

[7]Doc. No. 1369.

Based <u>only</u> on the first witness's testimony and Defendant's calculations, Defendant was responsible for <u>at least</u> 4,592.52 kilograms of marijuana equivalent,[8] establishing a base offense level of 34.

Section 1B1.10(a)(2) of the guidelines reads: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."[9] Since neither Defendant's base offense level nor guideline range changed as a result of Amendment 750, Defendant is not entitled to a sentence reduction under the retroactive amendment.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Modify Sentence Under 18 U.S.C. § 3582 (Doc. No. 1374) and Motion for Judicial Notice (Doc. No. 1377) are DENIED. Defendant's Motion to Proceed *In Forma Pauperis* (Doc. No. 1373) is MOOT.

IT IS SO ORDERED this 15th day of October, 2013.


/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] 9 kilograms of cocaine powder x 200 = 1800 kilograms of marijuana equivalent. 782 grams of crack cocaine x 3,571 = 2,792.52 kilograms of marijuana equivalent.

[9] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B) (2013).